IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| | § | CASE NUMBER 9:16-CR-00015(4)-RC |
| | § | |
| v. | § | |
| | § | |
| DANIEL HOWARD | § | |
| | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to United States Magistrate Judge Keith F. Giblin for consideration of the defendant Daniel Howard's motion to suppress. Judge Giblin conducted a hearing and issued findings of fact and a report and recommendation on the motion. He recommended that the Court deny the motion to suppress.

Defendant filed objections to the recommendation (Doc. No. 133), the Government responded to those objections (Doc. No. 134), and the defendant then replied to the Government's response (Doc. No. 135). The defendant's objections to Judge Gibln's report focus on his complaints that (1) the traffic stop made the basis of the charges against Daniel Howard was not supported by probable cause and (2) the traffic stop extended beyond the time necessary to address the speeding violation. *See Objections*, at p. 3. He argues that Deputy Gonzalez (the officer who initiated the traffic stop) did not have reasonable suspicion to prolong the traffic stop to extend into a general criminal investigation. *See id.* at p. 4.

The Court has reviewed the defendant's specific objections and the parties' related briefs, along with Judge Giblin's report and the record. Judge Giblin concluded that Deputy Gonzales did not impermissibly extend the time necessary to complete the mission of the traffic stop and

1

allow time for the K-9 drug detection dog to arrive. *See Report and Recommendation*, at p. 14. Judge Giblin outlined his specific reasons for reaching this conclusion. *Id.* at pp. 13-14. He also found that reasonable suspicion sufficient to support both the initial traffic stop and the three minute detention of Howard until the K-9 dog alerted on the vehicle. *Id.* at pp. 12, 17. Judge Giblin cited ample Fifth Circuit case law in support of his conclusions. *See United States v. Pack*, 612 F.3d 341, 361 (5th Cir. 2010); *United States v. Zavala*, 541 F. 3d 562, 574 (5th Cir. 2008); *United States' v. Brigham*, 382 F.3d 500, 511 (5th Cir. 2004).

Howard's objections reference *Rodriguez v. United States*, __ U.S. __, 135 S. Ct. 1609 (2015), although he does not explain with specificity how that case warrants overruling Judge Giblin's findings. In any event, the Court is unpersuaded that the *Rodriguez* case aids Howard's position. In *Rodriguez*, the United States Supreme Court noted that the critical question is not whether the dog sniff occurs before or after the officer issues a ticket, but whether conducting the sniff adds time to the stop. *Rodriguez*, at 1616. The case was remanded to the Eighth Circuit for consideration of whether reasonable suspicion of criminal activity justified detaining Rodriguez beyond completion of the traffic infraction investigation in that case. *Id.* at 1616-17. On remand, applying the exclusionary rule, the United States Court of Appeals for the Eighth Circuit held that "the seven-or-eight minute delay in this case constituted a *de minimis* intrusion on Rodriguez's personal liberty and that Rodriguez's seizure was unlawful under our then-binding precedent." *United States v. Rodriguez*, 799 F.3d 1222, 1223 (8th Cir. 2015). The Supreme Court's opinion in *Rodriguez* does reinforce the holding that "[a] seizure justified only by a police-observed traffic violation. . .become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." 135 S. Ct. at 1612 (quoting *Illinois v Cabales*, 543 U.S. 405, 407 (2005)). This does not in and of itself, however, automatically render every

2

traffic stop improper by virtue of the fact that it extends beyond the mission of the traffic violation. Such a determination is still made considering the totality of the circumstances and whether the dog sniff is independently supported by individualized suspicion. *See id*. at 1616. It follows that this analysis must be done on a case-by-case basis.

Here, the record shows that Deputy Gonzalez pulled over Mr. Howard based on reasonable suspicion of a speeding violation and probable cause in fact supported the traffic stop for speeding. *See, e.g., United States v. Rosales-Guiron*, 592 F. App'x 246, 251 (5th Cir. 2014). The record also shows that Deputy Gonzales initiated the criminal history and warrant check on Mr. Howard within three minutes after initiating the stop, and the process was completed within sixteen minutes into the stop when Deputy Gonzales located Howard's arrest record in NCIC/TCIC. Finally, the evidence shows that Howard was detained only three minutes past completion of the NCIC/TCIC record check – from 9:03 pm to 9:06 pm – before the K-9 alerted on his vehicle. The entire stop lasted only nineteen minutes. Under binding Fifth Circuit precedent, the magistrate judge was correct to determine that under the totality of the circumstances, including Howard's behavior (indicating extreme nervousness), suspicions about his travel plans, and the reasonableness of Deputy Gonzalez's suspicions based on his training and experience, the period of detention during the stop was reasonable. *See United States v. Pack*, 612 F.3d 341, 361 (5th Cir 2010), *cert. denied* 562 U.S. 1052 (2010)(upholding a thirty-five minute traffic stop which included an eight minute delay between the completion of routine records checks and the arrival of the canine unit); *see also United States v. Bro*wn, 567 F. App'x 272, 278-79 (5th Cir. 2014)(finding that the circumstances, including the defendant's behavior during the stop and the officer's reliance on another officer's drug alert, constituted reasonable suspicion justifying a brief prolongation of the traffic stop);*United States v. Fajardo-Guevara*, 507 F. App'x 365, 368 (5th

Cir. 2013)(officer's suspicions of a defendant's display of nervousness, inability to identify her profession, and difficulty in explaining where she was traveling from, established reasonable suspicion justifying four minutes of detention between the end of the traffic stop and the K-9 walking around the vehicle).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), this Court conducted a *de novo* review of the record in this matter. For the reasons stated above, the Court overrules the defendant's objections and agrees with Judge Giblin's conclusions.

It is therefore **ORDERED** that the Report and Recommendation on Motion to Suppress (Doc No. 129) is **ADOPTED** and Defendant Daniel Howard's Motion to Suppress (Doc. No. 98) is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **December, 2016.**

_____
Ron Clark, United States District Judge